McFarland, J.,
delivered tlie opinion of the court:
At the January term, 1871, of the Gibson county circuit ■court, M. F. Bowen and wife recovered a judgment against the complainant Holt, and the defendant J. M. Strain, as the sureties of one ITayne, the former guardian of Mrs. Bowen, for upwards of $1,000, which was paid off by the complainant Holt. He filed this Bill against J. M. Strain, for contribution, and also to reach a tract of land which said J. M. Strain conveyed to his son, B. M. Strain, for satisfaction, it being alleged that the conveyance was fraudulent. It was, however, subsequently admitted that the conveyance was free from fraud; that it was executed at the time it bears date, in 1869, but not registered until the 22d of February, 1S71, after the judgment of Bowen and wife, “and that said judgment was a lien on said land.”
The chancellor rendered a decree in favor of the complainants against J. M. Strain, for one-half of said judgment and interest, but refused to hold the land conveyed to B. hi. Strain liable, and dismissed the bill as to- B. M. Strain. The complainant has appealed, and the question argued is, whether the complainant, Holt, is entitled to be substituted to the lien of Bowen and wife, given by the statute on the lands of J. M. Strain, he, complainant, having paid off the judgment. That he would be entitled to be substituted to such lion on the property of his principal, seems clear and it is also settled by authority that the same rule applies as between sureties. See Bittick v. Wil *167 kins, 7 Heis., 307, and authorities there cited, and Leading Cases in Eq., p. 160. This relief was not specially prayed for, but the hill states facts upon which the right to the relief arises, and there is a prayer for general relief.
The decree must, therefore, he reversed, and a decree rendered for the complainant, with costs.